# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| OB-GYN ASSOCIATES OF OAK RIDGE, P.C., and TIMOTHY D. GOWDER, M.D., <br><br> Plaintiffs, <br><br> vs. <br><br> THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, <br><br> Defendant. | CIVIL ACTION NO.: _____ <br><br> (removed from the Anderson County Chancery Court, Tennessee, 16CH8036) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Lincoln National Life Insurance Company ("Lincoln"), by and through its undersigned counsel, hereby removes this action from the Anderson County Chancery Court, Tennessee, to the United States District Court for the Eastern District of Tennessee. As addressed below, diversity jurisdiction exists in this action. *See* 28 U.S.C. § 1332. In support of removal, Lincoln states as follows:

**I.   The State Court Action.**

1. On or about May 19, 2016, Plaintiffs, OB-GYN Associates of Oak Ridge, P.C., and Timothy D. Gowder, M.D., filed a civil action in the Anderson County Chancery Court, Tennessee styled as *OB-GYN Associates of Oak Ridge, P.C., and Timothy D. Gowder, M.D. v. The Lincoln National Life Insurance Company,* Case No. 16CH8036.

2. The Anderson County Chancery Court, Tennessee is a state court within this judicial district and division. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all

1

process, pleadings, and orders served upon Lincoln or on file with the Anderson County Chancery Court, Tennessee, are attached hereto as Exhibit A.

3. Lincoln was served with the Summons and Complaint on May 24, 2016. (*Id.*).

4. The allegations in Plaintiffs' Complaint relate to a lapsed life insurance policy issued by Lincoln on or about July 9, 1996. (Compl., ¶¶ 5-17, included in Ex. A).

5. Plaintiffs' Complaint seeks equitable relief in the form of an "adjudication . . . that the subject life insurance policy issued by Lincoln shall remain in full force and effect, or alternatively, that the Defendant be ordered to reinstate the policy." (*Id.*, ¶ "Wherefore").

## II. Diversity Jurisdiction.

6. This action is properly removable under 28 U.S.C. § 1441(a) because the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Complete Diversity of Citizenship Exists.

7. Plaintiff OB-GYN Associates of Oak Ridge, P.C. is an entity existing under the laws of the State of Tennessee with its principal place of business located in Anderson County, Tennessee. (Compl., ¶ 1, included in Ex. A).

8. Plaintiff Timothy D. Gowder, M.D. is a resident and citizen of Anderson County, Tennessee. (*Id.*, ¶ 2).

9. Lincoln is a corporation organized and existing under the laws of the State of Indiana with its principal place of business located in Radnor, Pennsylvania. Accordingly, Lincoln is a citizen of Indiana and Pennsylvania for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

2

10. There are no other parties to this action.

11. Accordingly, complete diversity of citizenship of the parties to this action exists and removal is therefore proper under 28 U.S.C. § 1332 and § 1441(b).

**B.     The Amount in Controversy Exceeds $75,000.**

12. The amount in controversy in this action clearly exceeds the $75,000 jurisdictional threshold. 28 U.S.C. § 1332(a).

13. "The amount in controversy is determined by the allegations in the complaint." *Williamson v. Aetna Life Ins. Co.,* 481 F. 3d 369, 376 (6th Cir. 2007); *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938) ("the sum claimed by the Plaintiff controls"). Here, Plaintiffs plead that their claims relate to "a life insurance policy insuring the life of Dr. Gowder, in the specified amount of $500,000." (Compl. ¶ 5 & Ex. A). In addition, Plaintiffs expressly request in their Complaint that "the Defendant be ordered to reinstate such policy." (*Id*., ¶ "Wherefore").

14. Under established Tennessee law, the amount in controversy is the value of the policy, which, in this case, exceeds the jurisdictional threshold. *Massachusetts Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 417 (6th Cir. 1996) (holding that where the "validity" of an insurance policy is at stake, the amount in controversy is the "face value of the policy"); *Woodmen of the World/Omaha Woodmen Life Ins. Soc. v. Scarbro,* 129 F. App'x 194, 195 (6th Cir. 2005) ("'it is well established that the amount in controversy is measured by the value of the object of the litigation'") (quoting *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347 (1977)); (*Id*. at 195-69 "the amount in controversy should be determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect'") (internal

citation omitted); see also *Williamson*, 481 F.3d at 376 (considering value of disputed proceeds under insurance contract in finding the amount in controversy met).

15. Accordingly, this case satisfies the amount in controversy requirement for this Court to exercise diversity jurisdiction. 28 U.S.C. § 1332(a).

### III. Removal Procedure.

16. Removal to the United States District Court for the Eastern District of Tennessee is proper because this is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441.

17. The Northern Division is the proper division for removal pursuant to 28 U.S.C. § 123(a)(1).

18. The time within which Lincoln was permitted to remove this action under 28 U.S.C. § 1446(b) has not expired. Less than thirty days have passed since Lincoln was served with the Summons and Complaint on May 24, 2016. (Ex. A).

19. Lincoln is the only defendant named in this action; therefore, no consent from another party is required.

20. Written notice of the filing of this Notice of Removal is being promptly given to Plaintiffs, and a Notice of Filing Notice of Removal to Federal Court is being filed with the clerk of the Anderson County Chancery Court, Tennessee as required by 28 U.S.C. §1446(d).

**WHEREFORE**, Lincoln respectfully requests that this Court assume full jurisdiction over this action as if Plaintiffs OB-GYN Associates of Oak Ridge, P.C., and Timothy D. Gowder, M.D. originally commenced this action in this Court.

4

Case 3:16-cv-00369-JRG-CCS   Document 1   Filed 06/23/16   Page 4 of 6   PageID #: 4

Respectfully submitted,

*s/Heather Howell Wright*
Heather Howell Wright (BPR No. 30649)
Bradley Arant Boult Cummings LLP
Roundabout Plaza
1600 Division Street
Suite 700
Nashville, TN 37203
Phone: (615) 252-2342
Fax: (615) 252-6342
Email: hwright@babc.com

*Attorney for The Lincoln National Life Insurance Company*

## CERTIFICATE OF SERVICE

       I hereby certify that on June 23, 2016 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served upon the following by U.S. First Class Mail, postage pre-paid:

       Robert W. Knolton (BPR #002564)
       Stanton A. Fears (BPR #034229)
       Post Office Box 4459
       Oak Ridge, Tennessee 37831-4459
       *Attorney for the Plaintiffs*

       *s/Heather Howell Wright*
       OF COUNSEL

6

Case 3:16-cv-00369-JRG-CCS   Document 1   Filed 06/23/16   Page 6 of 6   PageID #: 6